IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYL POTTER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 2:10-CV-3277 |
| JAMES MC GRADY, ET AL. | : | |

ORDER

AND NOW, this 10th day of March, 2011, upon careful and independent consideration of the petition for Writ of Habeas Corpus, and after review of the Report and Recommendations of United States Magistrate Judge Linda K. Caracappa and Petitioner's objections thereto (Doc. Nos. 12 & 16), it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED AND ADOPTED.

2. Petitioner's objections are OVERRULED.[1]

---

[1] Petitioner objected to Magistrate Judge Caracappa's Report and Recommendation by outlining "two critical errors which render the Report's time-barred finding incorrect" (Doc. No. 12 at 4) and by asserting that he is entitled to equitable tolling of the one year statue of limitations. The first "critical error" Petitioner cites is that June 26, 2010, the date on which Magistrate Judge Caracappa determined the petition was due, fell on a Saturday. Therefore his petition was at most 2 days late. Second, Petitioner argues that Pennsylvania Rules of Appellate Procedure 108 and 903, read in pari materia, require that an order has not been "entered," thereby starting the clock for time to appeal, until the clerk of the court mails or delivers copies of the order to the parties. (Doc. No. 12 at 4-8; Doc. No.16 at 2-4.) Petitioner states that the Pennsylvania Superior Court affirmed his judgment of sentence on January 18, 2006, however, the clerk did not provide proof as to the date of mailing or notification of the opinion. Petitioner concludes, therefore, that Magistrate Judge Caracappa's determination that Petitioner's judgment became final on February 17, 2007 is invalid.
    As to Petitioner's first argument, adjusting the deadline to account for the fact that June 26, 2010 fell on a Saturday still leads to a conclusion that the habeas petition was untimely by two days. As to Petitioner's second argument, Pennsylvania case law directly on point runs counter to Petitioner's assertion and starts the clock on the date Magistrate Judge Caracappa identifies. See Commonwealth v. Gordon, 662 A.2d 317, 321 (Pa. Super. 1994) ("[T]he appellate courts . . . recognize that the entry date of an order is the day on which is it *formally entered on the docket.*" (emphasis added)). Accordingly, both of Petitioner's arguments as to Magistrate Judge Caracappa's purported "critical errors" are without merit.
    Finally, Petitioner argues that he is entitled to equitable tolling of the one year statue of limitations because he is serving a life sentence without possibility of parole, he is acting pro se, and his

3. The petition for Writ of Habeas Corpus is DENIED with prejudice.

4. There is no probable cause to issue a certificate of appealability.

5. The Clerk of the Court shall mark this case closed for statistical purposes.

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J

---

petition is only two days late. None of these grounds, however, constitute valid extraordinary circumstances which prevented Petitioner from timely filing. Each of Petitioner's objections to Magistrate Judge Caracappa's Report and Recommendations is therefore overruled.